a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
DIVISION

**CHRISTOPHER GEORGE SANDERS, Plaintiff** — **DOCKET NO. 24-CV-0013, SEC. P**

**VERSUS** — **JUDGE DEE D. DRELL**

**MARCUS MYERS, ET AL., Defendants** — **MAGISTRATE JUDGE PEREZ-MONTES**

---

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss for Failure to State a Claim (ECF No. 7) filed by Warden Marcus Myers ("Warden Myers"). Myers seeks dismissal of the claims against him in a civil rights action filed by pro se Plaintiff Christopher George Sanders ("Sanders").

Because Sanders fails to state a viable claim against Warden Myers and the "Medical Department" at Raymond Laborde Correctional Center ("RLCC"), the Motion to Dismiss by Warden Myers (ECF No. 7) should be GRANTED, and the claims against the "Medical Department" be DISMISSED, sua sponte.

## I. Background

Sanders filed a civil rights "Petition in Suit for Damages" in the 12th Judicial District Court, Avoyelles Parish, alleging that his constitutional rights were violated by Defendants Heather Cormier, Jamie Taylor, Lauren Dyers, Annie Clark, Kimberly Laborde, Kim Schexnayder, Warden Myers, and RLCC's medical department. ECF No. 1-3.

Defendants removed the case to federal court because Sanders's claims raise federal questions. ECF No. 1 at 2; 5. Warden Myers seeks dismissal of Sanders's claims because the Petition fails to present allegations that he was personally involved in any denial of constitutional rights or that he failed to adequately train RLCC personnel. ECF No. 7. Sanders has not filed an opposition to the Motion.

## II. Law and Analysis

### A. Applicable Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the pleading standard to state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of all complaints under Rule 8(a)(2) is the "plausibility" standard found in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and its progeny. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint if it fails to state a claim upon which relief can be granted. Courts must accept all factual allegations in the complaint as true. *See Iqbal*, 556 U.S. at 678. However, courts do not have to accept legal conclusions as facts. *See id.*

A court does not evaluate a plaintiff's likelihood for success, but instead determines whether a plaintiff has pleaded a legally cognizable claim. *See Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014). Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the *Iqbal* and *Twombly* standard to survive. *See Iqbal*, 556 U.S. at 679. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. *See id.*[1]

**B. Sanders fails to state a viable claim against Warden Myers.**

Sanders alleges that Defendants failed to provide him with constitutionally adequate medical care, and Warden Myers denied his administrative grievances. ECF No. 1-3 at 2.

"The State's exercise of its power to hold detainees and prisoners. . . brings with it a responsibility under the U.S. Constitution to tend to the essentials of their well-being: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs . . . it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause."[2] *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 638–39 (5th Cir. 1996) (en banc)

---

[1] Courts "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Courts should also "liberally construe" briefs filed by pro se litigants and "apply less stringent standards" to them. *United States v. Reece*, 938 F.3d 630, 633 n.2 (5th Cir. 2019) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam)).

[2] The medical care claims of a pretrial detainee proceed from his right to medical care and protection from harm under the Fourteenth Amendment, while a convicted prisoner's rights

(quoting *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200) (internal quotation marks omitted)).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 104. That is, "[a] prison official violates the Eighth Amendment when his/her conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Id.* (citation and internal quotation marks omitted).

A prison official can be found liable under the Eighth Amendment only if the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). If the risk is obvious, the prison official's knowledge of a substantial risk of harm may be inferred. *Id.* (citation omitted). An inmate may also demonstrate deliberate indifference by showing that "a prison official 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citation omitted).

fall under the Eighth Amendment. *See Hare*, 74 F.3d at 647–48. The United States Court of Appeals for the Fifth Circuit applies the subjective deliberate indifference test to both types of claims.

"Deliberate indifference is more than mere negligence in failing to supply medical treatment." *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001). "Deliberate indifference is a stringent standard of fault," requiring disregard of a known or obvious consequence and encompassing "only the unnecessary and wanton infliction of pain, repugnant to the conscience of mankind." *Southard v. Texas Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (citing *Bd. of the Cnty. of Comm'rs of Bryan Cnty., Ok. v. Brown*, 520 U.S. 397, 410 (1997)); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). A disagreement with the treatment provided is not sufficient to state a claim for deliberate indifference. *See Easter*, 467 F.3d at at 464 (citation omitted).

An official may only be held liable under § 1983 if the official affirmatively participated in the acts that resulted in a constitutional deprivation; or implemented an unconstitutional policy that resulted in the plaintiff's injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Gates v. Texas Depot of Prot. & Reg. Serve.*, 537 F.3d 404, 435 (5th Cir. 2008). An unconstitutional policy or custom must be specifically identified, not just alleged in conclusory fashion. *Spiller v. City of Texas City Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997).

Sanders does not allege any connection between Warden Myers and his medical care. He does not assert that Warden Myers prevented him from obtaining medical care or otherwise interfered with his care. Nor does he identify an unconstitutional policy or custom implemented by Warden Myers.

Additionally, Warden Myers's denial of a request for administrative remedy does not state a viable claim for relief. The Administrative Remedy Procedure does not itself establish any federal right. It is a mechanism for resolving disputes at the institutional level. In fact, an inmate has no constitutional right to a grievance procedure at all. *See Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011). Therefore, there is no due process liberty interest in having a grievance resolved to one's satisfaction. *Id.* (citing *Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005)).

C. Sanders fails to state a viable claim against the medical department.

Sanders also purports to sue the RLCC medical department. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located. . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is an "entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24.

Sanders has not shown that the RLCC medical department is a juridical person in Louisiana. *See Henderson v. Mid States Servs., Inc.*, 67 F. App'x 247 (5th Cir. 2003) (the plaintiff did not show that the medical department is a legal entity amenable to suit); *Douglas v. Gusman*, 567 F. Supp. 2d 877, 892 (E.D. La. 2008) (citations omitted) ("A prison or jail or its administrative departments are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not persons for purposes of suit under Section 1983 as the statute and case law define that term. . . .").

Federal law specifically provides that federal courts can review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and dismiss the complaint, or any portion thereof, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a). Since Sanders cannot state a claim against the RLCC medical department, the claims against it should be dismissed sua sponte.

## III. Conclusion

Because Sanders fails to state a viable claim against Warden Myers, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 7) be GRANTED and the claims against Warden Myers be DENIED and DISMISSED WITH PREJUDICE. Additionally, IT IS RECOMMENDED that the claims against the RLCC medical department be DISMISSED WITH PREJUDICE under § 1915A(a).

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 12, 2024.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE