a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHRISTOPHER GEORGE SANDERS #510422, Plaintiff | CIVIL DOCKET NO. 1:24-CV-00013 SEC P |
| VERSUS | JUDGE DRELL |
| MARCUS MYERS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (ECF No. 15) filed by Defendants Heather Cormier, Jamie Tyler, Lauren Dyers, Annie Clark, and Kim Schexnayder.[1]  Defendants seek dismissal of this civil rights action filed by pro se Plaintiff Christopher George Sanders ("Sanders").

Because there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law, the Motion for Summary Judgment should be GRANTED, and this civil action DISMISSED WITHOUT PREJUDICE.

---

[1] Warden Marcus Myers, Kimberly Laborde, and the medical department at Raymond Laborde Correctional Center were also named as Defendants.  The claims against Warden Myers and the medical department were dismissed.  ECF No. 12.  Defendant Kimberly Laborde was not served.  ECF No. 1-13.

1

I. Background

Sanders filed a civil "Petition in Suit for Damages" in the 12th Judicial District Court, Avoyelles Parish, alleging that Defendants violated his constitutional rights with respect to medical care related to a skin condition. ECF No. 1. Defendants removed the case to federal court because Sanders raised a federal question. ECF Nos. 1; 1-3. Defendants seek summary judgment based upon Sanders's failure to exhaust administrative remedies. Sanders did not file an opposition to the motion.

II. Law and Analysis

A. Summary Judgment Standard

Summary judgment is warranted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "An issue is material if its resolution could affect the outcome of the action." *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the non-moving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those

portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Id.*

    B.    <u>Sanders's claims are unexhausted.</u>

"No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and required even where the relief sought cannot be granted by the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'" as defined "by the prison grievance process itself." *Huskey v. Jones*, 45 F.4th 827, 831 (5th Cir. 2022) (quoting *Woodford*, 548 U.S. at 88).

"Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 F. App'x 933, 934 (5th Cir. 2009). An untimely or otherwise procedurally defective administrative grievance does not satisfy the

3

exhaustion requirement. *Id.* A defendant bears the burden of proving that the inmate failed to exhaust available administrative remedies. *Cantwell v. Sterling*, 788 F.3d 507, 508–09 (5th Cir. 2015) (per curiam).

Defendants establish that Sanders filed "Administrative Remedy Procedure # RLCC-2023-598" on September 22, 2023, regarding eczema treatment. ECF No. 15-4. Sanders's administrative grievance was denied because he had been evaluated for eczema and referred to the Dermatology Clinic at University Medical Center in New Orleans, where he was prescribed Clobetasol cream and Benadryl. *Id.* at 15-5. Sanders acknowledged receipt of the denial on October 25, 2023. ECF No. 15-6. The response instructed Sanders to proceed to "Step 2" if he was unsatisfied with the outcome. *Id.* An affidavit of Diane Williams, the Classification Manager that handles administrative remedies, provides that Sanders did not proceed to the next step of the administrative remedy process. ECF No. 15-7.

Moreover, Sanders did not file a memorandum in opposition to Defendants' motion. "A motion for summary judgment cannot be granted simply because there is no opposition." *Hibernia Nat. Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted). However, where a party "fails to properly address another party's assertion of fact" the court can "consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2); *see also* Local Rule 56.2 (W.D.La.).[2] Therefore, the facts asserted in Defendants' statement of

---

[2] "A memorandum in opposition to a motion for summary judgment must contain: (1) The material facts that the opponent contends are genuinely disputed; and (2) A pinpoint reference to the document or other exhibit establishing that each such fact is genuinely disputed." LR56.2 (W.D. La.).

uncontested material facts and affidavit are considered undisputed. ECF Nos. 15-1, 15-2.

Because the uncontroverted evidence establishes that Sanders failed to exhaust all available administrative procedures, Defendants are entitled to judgment as a matter of law under 42 U.S.C. § 1997e(a).

III. Conclusion

Because Sanders did not exhaust available administrative remedies, IT IS RECOMMENDED that the Motion for Summary Judgment (ECF No. 15) be GRANTED, and the civil action be DISMISSED WITHOUT PREJUDICE.[3]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

---

[3] Even though Defendant Laborde was not served, the claims against her can, and should, also be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

SIGNED on Wednesday, July 30, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE